## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION AT COLUMBUS

| | |
|---|---|
| **National Police Association, Inc.**, and **Thomas Joseph DiSario**, individual,<br><br>*Plaintiffs*,<br><br>*v.*<br><br>**Omni Community Association Managers, LLC**, and **Cumberland Crossing Homeowners Association, Inc., Board of Directors**,<br><br>*Defendants.* | Civil Case No.    2:22-cv-4319 |

### VERIFIED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

Plaintiffs National Police Association, Inc. ("**NPA**") and Thomas Joseph DiSario ("**Mr. DiSario**") (collectively, "**Owners**") bring this complaint against Defendants Omni Community Association Managers, LLC ("**Omni**") and Cumberland Crossing Homeowners Association, Inc., Board of Directors ("**Board**") (collectively, "**HOA**") as follows:

### INTRODUCTION

1. This is a civil action, seeking declaratory and injunctive relief, arising under the United States Constitution for violation of the right to freedom of speech and expression.

2. This action concerns the suppression of Owners' First Amendment rights to freedom of speech and expression through action by the HOA in preventing Mr. DiSario from flying the "Thin Blue Line" flag owned by NPA outside of Mr. DiSario's private residence.

**Compl. for**
**Decl. and Inj. Relief**

1

## JURISDICTION AND VENUE

3.     This court has jurisdiction under Article III, Section 2, of the United States

Constitution, which permits federal courts to hear "all cases, in law and equity, arising under this

Constitution, [and] the laws of the United States . . . ."

4.     Venue is proper pursuant to 28 U.S.C. § 1391 because the events giving rise to this

complaint occurred in this district.

## PARTIES

5.      Plaintiff NPA is a registered 501(c)(3) educational organization incorporated in

Indiana with a principal place of business in Noblesville, Indiana. Its mission is to educate

supporters of law enforcement in how to aid police departments in accomplishing their goals and

does so through mailings, national TV and radio public service announcements, legal filings on

behalf of police officers and agencies, articles authored for NPA by law enforcement experts,

book publishing, and a podcast. NPA is the owner of the "Thin Blue Line" flag ("**the Flag**") that

Mr. DiSario wishes to fly outside of his Cumberland Crossing residence.

6.     Plaintiff Mr. DiSario owned and resided in a home in the Cumberland Crossing

Homeowners' Association during the time of the events which are the impetus for this action.

Mr. DiSario flew a "Thin Blue Line" flag outside of his residence until Defendants threatened

Mr. DiSario with lot assessments and additional legal action. Mr. DiSario wishes to display the

Flag owned by NPA as soon as he is legally permitted.

7.     The Board is the governing body of the Cumberland Crossing community.

Cumberland Crossing is single family home development in Pataskala, Ohio.

**Compl. for**
**Decl. and Inj. Relief**

2

8.    Omni is a property management company that manages the HOA. Upon information and belief, Omni is owned and operated by David A. Dye. Omni boasts that it offers a variety of management features, including " in-house legal assistance on a variety of topics."[1]

## FACTUAL ALLEGATIONS

### A.    The "Thin Blue Line" Flag

9.    Mr. DiSario owns and resides in a home in Cumberland Crossings. On or about May of 2017, Mr. DiSario began flying a "Thin Blue Line" flag from the front porch of his private residence in Cumberland Crossings.

10.    According to the "Thin Blue Line" website, "[t]he 'Thin Blue Line' American flag represents law enforcement and is flown to show support for the men and women who put their lives on the line every day to protect us. This flag is a sign for promoting compassion and support for our nation's police officers."[2]

11.    The "Thin Blue Line" Flag is an otherwise black and white American flag with a single blue stripe located just below the stars. *Id.*

12.    Mr. DiSario chose to fly the "Thin Blue Line" flag outside of his private residence in honor of his fallen officer son, Kirkersville Chief of Police, Steven Eric DiSario ("**Chief DiSario**.")

---

[1] Omni Community Association Managers, https://www.omnihoa.com/homeowners-association-management/ (last visited Nov. 21, 2022.)

[2] Thin Blue Line USA, https://www.thinbluelineusa.com/blogs/thin-blue-line-blog/what-is-the-thin-blue-line (last visited Nov. 21, 2022).

**Compl. for**
**Decl. and Inj. Relief**                3

13.     Chief DiSario was murdered in the line of duty on May 12, 2017, when he responded to an active shooting at a nursing home. Mr. DiSario was given a "Thin Blue Line" flag as a gift following his son's passing, and he has flown the "Thin Blue Line" flag outside of his private residence as tribute to his son ever since.

14.     Additionally, Mr. DiSario is a disabled combat veteran who served during the Gulf War. Mr. DiSario suffered a brain injury during his service and now suffers from post-traumatic stress disorder.

**B.     Deed Restriction Violation Notifications**

15.     On or about May 12, 2022, on the five-year anniversary of Chief DiSario's death, Mr. DiSario was made aware that an individual complained to Defendants regarding Mr. DiSario's flying of the "Thin Blue Line" flag.

16.     On  or about May 13, 2022, Mr. DiSario received a "Deed Restriction Violation" notification from the HOA advising that "one or more permissible signs exist on [Mr. DiSario's] property."  *See* Deed Restriction Violation, dated May 13, 2022, attached as Exhibit 1.

17.     The violation notification did not cite the specific provision allegedly violated but stated the following:

> **"The political sign in the form of a flag must be removed from your property. The flag on your pole is not a United States Flag. It is a political statement. Please remove the flag from your property."**

> *Id*.

18.     The violation notification also advised that if Mr. DiSario did not remove the flag within ten days of the date of the notification, "the Association will have no choice but to

**Compl. for**
**Decl. and Inj. Relief**                4

[initiate] the possible levying of fines and/or commencement of legal action against you." *Id*.

**C.    Cease and Desist to Defendants**

19.    On or about June 27, 2022, Counsel for Mr. DiSario sent the HOA a letter advising that the instruction to Mr. DiSario to remove the Flag violated Mr. DiSario's First Amendment rights and requesting that the HOA cease and desist from any additional action in requiring Mr. DiSario to remove the Flag, including the levying of fines or commencement of legal action. *See* Cease and Desist dated June 27, 2022, attached as Exhibit 2.

20.    On or about July 5, 2022, President of Omni, David A. Dye, ("**Mr. Dye**") responded to Counsel's June 27 letter. In his response, Mr. Dye refuted Counsel's "inaccurate and self-serving accusations" that "intent exists on the part of the HOA to 'restrict political speech' and that the HOA's provision is a content-based prohibition on political speech." *See* Dye Response to Cease and Desist, dated July 5, 2022, attached as Exhibit 3.

21.    Mr. Dye's statements contradict the clear language in the May 13 notification that "[t]he flag on your pole . . . is a political statement." *Id*. (Emphasis removed.)

**D.    Proposed Deed Restriction Amendment**

22.    On or about August 10, 2022, Mr. DiSario received a "Proposed Deed Restriction Amendment" notification from the HOA requesting that the Owners "vote on an amendment to the Section of the Restrictions that controls signage in the community, and what types of displays can or cannot occur in the subdivision."[3] *See* Proposed Deed Restriction Amendment,

---

[3] The August 4 notification included a provision from the Deed Restrictions governing signage in the community:

dated August 10, 2022, attached as Exhibit 4.

23.    The notification did not include any proposed language for the proposed

amendment but requested the Owners choose between two options: (1) Yes! I vote to amend the

SIGN provisions in the Deed Restrictions in Cumberland Cross, as described in the letter to

which this ballot is attached; and (2) No! I vote to NOT amend the SIGN provisions in the Deed

Restrictions in Cumberland Crossing as described in the letter to which this ballot is attached. *Id*.

24.    Instead, the notification utilized language likely to dissuade Owners from voting

for any proposed amendment. *Id*. For instance, the notification stated that "allowing 'any flags'

would include flags that might be popular to some people but offensive to others, such as . . . the

Confederate flag, the Nazi flag, and the flag of any foreign country and/or organization." *Id*. The

notification concluded by characterizing "the issue" to be "whether Owners want to allow

'desirable' signs (including flags) enough to allow undesirable ones." *Id*.

25.    The notification also stated that an affirmative approval of at least seventy-five

percent of all Owners was necessary to amend the Deed Restrictions, meaning a non-vote would

---

"[N]o signs of any character shall be erected, posted, or displayed upon property in the Community, except: (i) marketing signs installed by Developer while marketing Lots and residences for sales; (ii) street and identification signs installed by the Association, Developer, or any governmental agency; (iii) on the Common elements, signs regarding and regulating the use of the Common Elements, provided they are approved by the Board; (iv) on any Lot, one temporary real estate sign not to exceed six (6) square feet in an area advertising that such Lot is for sale; and (v) except to the extent preempted by federal law, up to three (3) temporary political signs of not more than six (6) square feet each expressing support for, or opposition to an individual candidate or issue which is the subject of a current election, provided the same comply with an local ordinances and any Rules established by the Board. No signs shall be placed in the Common Elements."

Deed Restrictions Section 8.7.

**Compl. for**
**Decl. and Inj. Relief**              6

be counted as a "no" vote. *Id*.

26.    Mr. DiSario voted affirmatively for the amendment within the requisite time frame.

27.    Unsurprisingly, on or about October 3, 2022, Mr. DiSario received an email from the HOA advising that the proposed Amendment failed. *See* Amendment Notice Email, dated October 3, 2022, attached as Exhibit 5.

28.    The October 3 notice also advised that "the Board is asking the Association's management company to proceed with enforcement of the Restrictions as written—meaning Owners need to remove signs and flags from their properties." *Id*.

29.    The October 3 notice concluded by requesting owners "remove non-permitted signs and flags from their properties by October 10, 2022" or "the Association's enforcement procedures may result in the receipt of letters and possible fines for signs and flags that are not removed." *Id*.

**E.    Request to Refrain from Levying of Fines, Other Penalties**

30.    On or about October 14, 2022, Mr. DiSario received a "Deed Restriction Violation" notification from the HOA advising that "a flag/sign is being displayed on [Mr. DiSario's] property that is not permitted under the Deed Restrictions." *See* Deed Restriction Violation, dated October 14, 2022, attached as Exhibit 6.

31.    The October 14 notification requested that Mr. DiSario "remove the flag/sign that is on your property." *Id*.

32.    On or about October 17, 2022, counsel for Mr. DiSario sent a letter to Mr. Dye advising again that the instruction to Mr. DiSario to remove the Flag violated Mr. DiSario's First

**Compl. for**
**Decl. and Inj. Relief**                  7

Amendment rights to freedom of expression. Counsel also requested that the HOA refrain from levying any fines or other penalties against Mr. DiSario for continued flying of the Flag until resolution of *National Police Association, Inc. et al. v. New Albany Park Condominium Association Board of Directors, et al.,* 2:22-cv-02130-SDM-EPD (S.D. Ohio 2022.)[4] *See* Letter to the HOA, dated October 17, 2022, attached as <u>Exhibit 7</u>. Counsel further noted that the legal questions at issue in Mr. DiSario's instance would be resolved in the New Albany litigation. *Id*.

33.     In the October 17 letter, Counsel requested a response by October 21, 2022. *Id*. Neither Mr. Dye nor any other Omni or HOA representative responded to Counsel's correspondence.

### F.     Lot Assessment Notifications

34.     On or about October 28, 2022, Mr. DiSario received a "Deed Restriction Violation" notification from the HOA advising that "one or more impermissible signs exist on [Mr. DiSario's] property." (Emphasis removed.) *See* Deed Restriction Violation, dated October 28, 2022, attached as <u>Exhibit 8</u>.

35.     The notification advised that it was "sent as a first formal notice" and to remove the "violation" within ten days of the date of the letter, "or the Association will have no choice but to exercise those powers, including the possible levying of fines and/or commencement of legal action." *Id*.

----

[4] *National Police Association, Inc. et al. v. New Albany Park Condominium Association Board of Directors, et al.* is ongoing litigation in the Southern District of Ohio against a homeowners' association for similar infringement of homeowners' First Amendment rights.

**Compl. for**
**Decl. and Inj. Relief**          8

36. On or about November 11, 2022, Mr. DiSario received a "Deed Restriction Violation" notification from the HOA advising that "the Association is exercising its enforcement power against you and your property" and that if Mr. DiSario did not "eliminate the violation" the Association "intends to impose a Lot Assessment . . . in the amount of $175.00" and a "continuing fine in the amount of $5.00 per day." *See* Deed Restriction Violation, dated November 11, 2022, attached as Exhibit 9.

37. The November 11 notification also included a "Notice of Intent to Impose Enforcement/Lot Assessment" pursuant to Ohio Revised Code § 5312.11 and stated that "all costs (including but not limited to filing fees and attorney's fees) incurred by the Association in its efforts to obtain compliance from you will be charged to your account." *Id*.

38. The "Notice of Intent to Impose Enforcement/Lot Assessment" was sent pursuant to Ohio Rev. Code § 5312.11, which permits an owners' association to assess an individual lot for "[c]osts associated with the enforcement of the declaration of the rules and regulations of the owners association, including, but not limited to, attorney's fees, court costs, and other expenses." Ohio Rev. Code § 5312.11(A)(3).

## LEGAL BACKGROUND

39. Mr. DiSario was prevented from flying the Flag, owned by NPA, in accordance with his right to freedom of speech through Defendants' action by initiating a lot assessment against Mr. DiSario and his property under Ohio Rev. Code § 5312.11 and by threatening judicial enforcement. Defendants' action effectively chilled NPA and Mr. DiSario's rights to freedom of speech.

**Compl. for**
**Decl. and Inj. Relief**                    9

40. The First Amendment of the United States Constitution prohibits abridgement of the freedoms of speech and expression.

41. The First Amendment is applied to the States through the Fourteenth Amendment.

42. The right to the freedom of speech under the First Amendment is not only secure from interference by governmental or public bodies, but under certain circumstances from interference by private actors as well.

43. Courts have found that in cases in which restrictive covenants prevent homeowners from exercising their right to free speech, judicial enforcement of such bylaws alone would constitute state action so as to bring those bylaws into the ambit of the First Amendment. (*See Lamprecht v. Tiara at the Abbey Homeowners Association*, No. 12-JE CC0027, 2013 WL 6144144 (Mo. Cir. Oct. 3, 2013)*; see also Gerber v. Longboat Harbour N. Condo., Inc.*, 724 F. Supp. 884, 885 (M.D. Fla. 1989), *order vacated in part on reconsideration*, 757 F. Supp. 1339 (M.D. Fla. 1991) (court found state action by virtue of judicial enforcement of private agreements contained in a declaration of a condominium.)

44. By even greater force of logic, where there is both a threat of judicial enforcement of a condominium's bylaws and a statute enacted by the state which would be enforcing it, the bylaws are thereby brought into the ambit of the First Amendment.

45. The United States Supreme Court has held that in the context of civil actions involving private parties and common law claims that "the application of state rules in state courts in a manner alleged to restrict First Amendment freedoms constitutes 'state action' under the Fourteenth Amendment." *Cohen v. Cowles Media Co.*, 501 U.S. 663, 668 (1991).

**Compl. for**
**Decl. and Inj. Relief**                    10

46. Where state rules are applied in state courts in a manner which restricts First Amendment freedoms, there is action sufficient "to constitute 'state action' for purposes of the Fourteenth Amendment." *Bd. of Managers of Old Colony Village Condominium v. Preu*, 80 Mass.App.Ct. 728, 732 (2011); *see also Shelley v. Kraemer*, 334 U.S. 1, 20 (1948) ("State action. . . refers to exertions of state power in all forms.").

47. When an action is brought claiming that breach of such actions amounted to conduct entitling a party to shift its costs under state statute, the restrictions are subject to scrutiny under the First Amendment. *Preu*, *supra*, 80 Mass.App.Ct. at 733.

48. Ohio Rev. Code § 5312.11 permits this shift in costs.

49. Because Defendants threatened lot assessments and additional legal action against Mr. DiSario, the restriction is subject to scrutiny under the First Amendment.

50. The rights of homeowners to display a political sign such as a flag is balanced against the property rights of a homeowners' association to ascertain whether a restriction is reasonable and enforceable. *See For a Better Twin Rivers v. Twin Rivers Homeowners' Ass'n*, 929 A.2d 1060 (N.J. 2007); *see also Mazdabrook Commons Homeowners' Ass'n v. Khan*, 46 A.3d 507, 522 (N.J. 2012) (because a homeowners' association covenant that banned all signs except for for-sale signs was unreasonable and violated the state constitution, "the covenant that memorializes it is unenforceable.")

51. Because First Amendment protections are so strong for political speech inherent in residential flags, it cannot be reasonable for a homeowners' association to restrict such flags.

**Compl. for
Decl. and Inj. Relief**               11

52.     In preventing Mr. DiSario from displaying the Flag, Defendants have "restricted political speech, which lies at the core of our constitutional free speech protections." *Khan, supra*, 46 A.3d at 517. As the United States Supreme Court has recognized, "residential signs have long been an important and distinct medium of expression "'a venerable means of communication that is both unique and important.'" *Id*. at 518 (quoting *City of Ladue v. Gilleo*, 512 U.S. 43, 54-55 (1994)).

53.     Allowing private residents like Mr. DiSario to display signs or flags outside of their home is important for the additional reason of the precise location; they connect the message directly to the speaker. *Id*.

54.     Because Ohio Rev. Code § 5312.11 allows an action to be brought which claims that breach entitles a party to shift its costs, constituting state action, the restrictions are subject to strict scrutiny.

55.     The content-based prohibition on political speech is unconstitutional.

56.     Defendants infringed on Mr. DiSario's right to freedom of speech and expression in first restricting him from displaying his own "Thin Blue Line" flag and subsequently from preventing them from flying the Flag given to them by NPA to fly when legally permitted.

57.     Defendants infringed on NPA's right to freedom of speech and speech in restricting Mr. DiSario from displaying the Flag owned by NPA as NPA owns the Flag and NPA wishes for Mr. DiSario to display the Flag, but the Flag is not being displayed.

**Compl. for**
**Decl. and Inj. Relief**          12

## Count I - Violation of Right to Freedom of Expression
## U.S. Const. Amend. I
## (42 U.S.C. § 1983)

58.     Owners re-allege and incorporate by reference all above facts and allegations.

59.     The First Amendment of the United States Constitution prohibits abridgement of the freedoms of speech and expression.

60.     The First Amendment is applied to the States through the Fourteenth Amendment.

61.     The right to the freedom of speech under the First Amendment is not only secure from interference by governmental or public bodies, but under certain circumstances from interference by private actors as well.

62.     NPA and Mr. DiSario wish for Mr. DiSario to fly the Flag owned by NPA outside of Mr. DiSario's private residence in accordance with both NPA and Mr. DiSario's First Amendment rights to freedom of speech and expression.

63.     NPA and Mr. DiSario are suffering irreparable harm in not being permitted to exercise their First Amendment rights to freedom of expression as described herein.

64.     There is no adequate remedy at law.

### Prayer for Relief

**WHEREFORE**, Owners request the following relief:

65.     Declare Section 8.7 of the Cumberland Crossing Deed Restrictions, which prohibit NPA and Mr. DiSario from displaying the "Thin Blue Line" flag, as unconstitutional under the First Amendment;

**Compl. for
Decl. and Inj. Relief**                13

66.     Enjoin Defendants from enforcing the provision in Section 8.7 of the Cumberland

Crossing Deed Restrictions which precludes the flying of the "Thin Blue Line" flag;

67.     Enjoin Defendants from any acts of retaliation or further wrongdoing;

68.     Award interest, costs, and reasonable attorney fees;

69.     Grant any other relief this Court deems appropriate.


December 7, 2022                         Respectfully submitted,

                                         /s/ Melena S. Siebert
                                         Melena S. Siebert, IN Bar No. 35061-15
                                         *Local Counsel for Plaintiff*
                                         James Bopp, Jr., IN Bar No. 2838-84*
                                         *Lead Counsel for Plaintiff*
                                         Cassandra R. Dougherty, CA Bar No. 336487*
                                         THE BOPP LAW FIRM, PC
                                         *The National Building*
                                         1 South Sixth Street
                                         Terre Haute, IN 47807-3510
                                         Telephone: (812) 232-2434
                                         Facsimile: (812) 235-3685
                                         jboppjr@aol.com
                                         msiebert@bopplaw.com
                                         cdougherty@bopplaw.com
                                         * *Pro hac vice* applications forthcoming

**Compl. for**
**Decl. and Inj. Relief**              14

**Certificate of Service**

I hereby certify that the foregoing and all attachments thereto, were served upon

Defendants, via FedEx, and via email at the following address:

David A. Dye
P.O. Box 433
Grove City, OH 43123
ddye@omnihoa.com

/s/    Melena S. Siebert
Attorney for Plaintiffs

## Verification

I, Thomas Joseph DiSario, declare as follows:

    1. I am over 18 years of age.

    2. I owned and resided in a private residence in Cumberland Crossings, in the State of Ohio, during the time of the events which are the impetus for this action.

    3. If called upon to testify, I would testify competently as to the matters set forth in the foregoing *Verified Complaint for Declaratory and Injunctive Relief*.

    4. I verify under penalty of perjury under the laws of the United States of America that the factual statements in this *Verified Complaint for Declaratory and Injunctive Relief* concerning myself and my past and intended activities are true and correct to the best of my knowledge and understanding.

Executed on      Dec. 6, 2022

                                    Thomas Joseph DiSario

# Verification

I, Ed Hutchinson, declare as follows:

    1. I am over 18 years of age.

    2. I am a representative of the National Police Association, Inc. ("**NPA**") which is incorporated in Indiana and has a primary place of business in Indiana.

    3. If called upon to testify, I would testify competently as to the matters set forth in the foregoing *Verified Complaint for Declaratory and Injunctive Relief*.

    4. I verify under penalty of perjury under the laws of the United States of America that the factual statements in this *Verified Complaint for Declaratory and Injunctive Relief* concerning NPA and its past and intended activities are true and correct to the best of my knowledge and understanding.

Executed on   12/2/2022

Ed Hutchinson



OMNI
Community Association Managers

May 13, 2022

Thomas J. and Belinda G. Disario

██████████████

RE:    Deed Restriction Violation – ███████████████ Cumberland Crossing

Dear Homeowner,

Cumberland Crossing is a wonderful place to live and a great place to be a homeowner. Residents in the community enjoy a neighborly environment and the pleasant qualities of their surroundings. To assist in preserving such benefits, Cumberland Crossing is a Deed Restricted community with a homeowners' association, in which periodic inspections are performed to ensure compliance with community standards. The standards are contained in the Deed Restrictions, and in the Rules and Regulations adopted by the Association under the Restrictions, and they apply to all properties in the community.

During a recent inspection, it was observed that **one or more impermissible signs exist on the property,** which violates the Deed Restrictions and/or Rules, and as such, _all signs must be removed from the property, excepting only any sign that is expressly permitted under the terms of the Deed Restrictions, or under a permit granted by the Association_. **The political sign in the form of a flag must be removed from your property. The flag on your pole is not a United States Flag. It is a political statement. Please remove the flag from your property. Thank you.** You can view your account, including any violations, and pictures, by logging into your Caliber Web account at www.omnihoa.com. The first time you visit, you will need to register.

We hope and trust that you share in the Association's goal of preserving conditions and values in the community, one aspect of which is having all properties meet the standards contained in the Restrictions and in the Rules. In fact, the Restrictions (and law) make compliance mandatory, and they give significant enforcement power to the Association. This letter is being sent as a first formal notice that the violation at your property must be removed within 10 days of the date of this letter, or the Association will have no choice but to exercise those powers, including the possible levying of fines and/or commencement of legal action against you. While we prefer to see voluntary compliance, it is important that you understand the serious nature of this matter, and that the Association has a responsibility to proceed with enforcement action if you do not remove the violation in a timely manner.

_**If you need additional time to bring this violation into compliance**_ or you have questions or concerns about the Association, the Restrictions or Rules, or assistance registering your Caliber account, please contact the Omni Help Desk at 1-877-405-1089.

Regards,

Omni Community Association Managers, LLC

cduckett @ OMNIHOA.com

JAMES BOPP, JR.
jboppjr@aol.com
_____

CASSANDRA R. DOUGHERTY
cdougherty@bopplaw.com

# THE BOPP LAW FIRM, PC
### ATTORNEYS AT LAW

THE NATIONAL BUILDING
1 South Sixth Street
TERRE HAUTE, INDIANA 47807-3510
Telephone 812/232-2434   Facsimile 812/235-3685
www.bopplaw.com

_____

June 27, 2022

Omni Community Association Managers          Re:      "Deed Restriction Violation"
P.O. Box 395                                                      Notification Dated May 13, 2022,  and
Grove City, OH 43123                                         Thomas DiSario
T: (877) 405-1089
F: (614) 539-7727
E: cduckett@omnihoa.com

*Sent via ordinary U.S. mail and email to cduckett@omnihoa.com*

Dear Association Managers:

This office serves as legal counsel for Mr. Thomas DiSario. I am writing on behalf of Mr. DiSario in response to your recent correspondence dated May 13, 2022, instructing Mr. DiSario to remove the "Thin Blue Line" flag (hereinafter, "the Flag") displayed outside of Mr. DiSario's private residence. We believe your instruction to remove the Flag violates Mr. DiSario's First Amendment right to freedom of expression. We request that you immediately cease and desist from any additional action in requiring Mr. DiSario to remove the Flag, including that you cease and desist from the "levying of fines and/or commencement of legal action" as referenced in your May 13, 2022 correspondence.

Mr. DiSario has flown the Flag outside of his home since his son, Police Chief Steven Eric DiSario, was murdered in the line of duty on May 12, 2017, upon responding to an active shooting. Following his son's murder, Mr. DiSario was given the "Thin Blue Line" flag to fly outside of his home as a tribute to his son. Mr. DiSario has flown for the Flag over the five years since his son's death without any response from you or any other party until the time you sent him your May 13, 2022, correspondence, exactly one day following the five-year anniversary of his son's murder.

We believe that you are violating Mr. DiSario's First Amendment right to freedom of expression in instructing him to remove the Flag and threatening him with fines and legal action if he does not comply. The right to the freedom of speech under the First Amendment is not only secure from interference by governmental or public bodies, but under certain circumstances from interference by private actors as well.

Specifically, courts have found that in cases in which restrictive covenants prevent homeowners from exercising their right to free speech, judicial enforcement of such covenants

**Pls. Exhibit 2**

alone would constitute state action so as to bring those bylaws into the ambit of the First Amendment. (*See Lamprecht v. Tiara at the Abbey Homeowners Association*, No. 12-JE CC0027, 2013 WL 6144144 (Mo. Cir. Oct. 3, 2013); *see also Gerber v. Longboat Harbour N. Condo., Inc.*, 724 F. Supp. 884, 885 (M.D. Fla. 1989), *order vacated in part on reconsideration*, 757 F. Supp. 1339 (M.D. Fla. 1991) (court found state action by virtue of judicial enforcement of private agreements contained in a declaration of a condominium); *Shelley v. Kraemer*, 334 U.S. 1, 20 (1948) ("State action. . . refers to exertions of state power in all forms.").

In determining whether a restrictive covenant is reasonable or enforceable under the First Amendment, the rights of homeowners to display a political sign such as a flag is balanced against the property rights of a homeowners' association. *See For a Better Twin Rivers v. Twin Rivers Homeowners' Ass'n*, 929 A.2d 1060 (N.J. 2007); *see also Mazdabrook Commons Homeowners' Ass'n v. Khan*, 46 A.3d 507, 522 (N.J. 2012) (because a homeowners' association covenant that banned all signs except for for-sale signs was unreasonable and violated the state constitution, "the covenant that memorializes it is unenforceable.")

Because First Amendment protections are so strong for political speech inherent in residential flags, it cannot be reasonable for a homeowners' association to restrict such flags. In purporting to prohibit Mr. DiSario from displaying the Flag, you have "restricted political speech, which lies at the core of our constitutional free speech protections." *Khan*, *supra*, 46 A.3d at 517. In particular, "residential signs have long been an important and distinct medium of expression, 'a venerable means of communication that is both unique and important.'" *Id.* at 518 (quoting *City of Ladue v. Gilleo*, 512 U.S. 43, 54-55 (1994)). Your content-based prohibition on political speech is unconstitutional, and you have infringed on Mr. DiSario's First Amendment right to freedom of speech in restricting him from displaying the Flag outside of his private residence.

As you may be aware, there is ongoing litigation in the Southern District of Ohio against a homeowners' association for similar infringement of a homeowner's First Amendment rights. *See National Police Association, Inc. et al. v. New Albany Park Condominium Association Board of Directors, et al.*, 2:22-cv-02130-SDM-EPD (S.D. Ohio 2022.)

We request that you issue a written retraction of your May 13, 2022, correspondence to Mr. DiSario, making clear that Mr. DiSario will not be subject to fines or legal action as a result of his continuing to display the Flag outside of his home, at this time or in the future. Should you fail to do as requested, Mr. DiSario will be forced to proceed with formal action to enforce his First Amendment right to freedom of expression.

Sincerely,

THE BOPP LAW FIRM, PC

James Bopp, Jr.
Melena S. Siebert
Cassandra R. Dougherty



July 5, 2022

James Bopp, Jr.
THE BOPP LAW FIRM, PC
1 South Sixth Street
Terra Haute, IN 47807-3510                    Sent via e-mail only, to *jboppjr@aol.com*

          RE:    THOMAS DiSARIO

Dear Attorney Bopp,

I am in receipt of your letter of June 27, 2022, regarding your referenced client. While I appreciate the advice and counsel regarding the law as interpreted in various other states, I believe Ohio's Legislative Service Commission, a nonpartisan agency providing the *Ohio* General Assembly with, among other things, drafting and legal research and analysis services, stated matters well in their March 16, 2022 Memorandum Brief to the members of Ohio's elected Representatives:

> "*In the absence of a particular law to the contrary, a homeowners association (HOA), unit owners (condominium) association (UOA), landlord, or manufactured home park operator (collectively "housing entity") may prohibit a resident from displaying a sign or flag as part of its declaration, bylaws, rules, or rental agreement or through a deed restriction.*"

I am aware that your firm is plaintiff's counsel in the case filed recently against the New Albany Park Condominium Association, but until and unless that case, or some other legislative or applicable judicial action is taken to *change* the law of the State of Ohio, our citizenry enjoys the right and privilege to contract, and to agree to restrict rights they might otherwise have. Your client voluntarily elected to purchase property in a deed restricted community, the restrictions for which limit owners' right to communicate opinions through public displays. As such, your client has agreed to limit his right of expression, in a sense as a fair exchange for his neighbors' agreement to limit their right to express themselves, in manners that may be objectionable to him.

Relevant to other points raised in your letter, be aware of Section 11.9 of the Deed Restrictions, which provides that the "*…[f]ailure of Developer, the Association or any Owner to enforce any provision of this Declaration or the Rules in any manner shall not constitute a waiver of any right to enforce any violation of such provision. By accepting a deed to a Lot, each Owner is deemed to waive the defenses of laches and statute of limitations in connection with the enforcement by the Association of the provisions hereof or the Rules.*" Also, Section 8.5 specifically permits certain signs, including 'political signs' (up to 3 political signs, expressing either support for or opposition to a candidate or issue which is the subject of a current election) -- belying your contention that the HOA seeks to unreasonably 'ban all signs.'

Finally, we truly hope your client understands that the issue surrounding his 'thin blue line' display has nothing to do with any disrespect for his son's sacrifice, nor disregard for his loss; nor is it the result of your inaccurate and self-serving accusations that an intent exists on the part of the HOA to

"*Proudly providing association management services in Ohio, Kentucky and Indiana*"
P.O. Box 395 • Grove City • Ohio • 43123 • 1-877-405-1089 • 614-539-7727 (fax)

**Pls. Exhibit 3**

'restrict political speech', and that the HOA's provision is a 'content-based prohibition on political speech'.  Many of those involved in the operation of the HOA and in its management (the author of this letter, included) have a deep and abiding respect for the police, and mourn Mr. DiSarios's loss.  But the enforcement of the HOA's policy (similar to national representations describing 'justice'), is color- and content-blind -- his _display_ (regardless of words, images or other content communicative aspects of the display) is simply prohibited under the terms of the Deed Restrictions.  The HOA's policies and procedures result in the exact same treatment for a sign[1] that says "I love x", as for a sign that says "I hate x".  Content is not relevant, and the Board does not judge enforcement based on content.

Regards,

Omni Community Association Managers, LLC[2]

David A. Dye, President

Cc:     Melena S. Siebert at _msiebert@bopplaw.com_
        Cassandra R. Dougherty at _cdougherty@bopplaw.com_

---

[1] Your use of the capitalized "F" in most of your references to Mr. DiSario's "flag" does not elevate it to a protected status, such as the Flag of the United States enjoys.  The thin-blue-line is a sign, being displayed on the physical form of a flag.  It is a commercial, for-profit product marketed and sold by Thin Blue Line USA, one of the largest online retailers devoted to the sale of pro-police symbols, t-shirts, jewelry and neckwear.  They sell items they created to make money, including flags/signs, clothing and other items bearing the thin blue line over the national flag markings of the United States, Canada and The United Kingdom, and similar thin green line items, thin red line items, thin gold line items, thin silver line items and thin white line items, and mixed versions of the foregoing.  They, themselves, defined the "meanings" behind their various product designs, which are displayed to convey messages, making them signs.

[2] I note that your letter was sent to Omni, without reference to the fact that Omni's 'involvement' in this matter is by virtue of our management role for the homeowners' association for the community in which your client resides.  The content of this letter has, therefore, been prepared by Omni only, and not been presented to or approved by the Association, and the statements contained herein are being sent by and on behalf of, and express the opinions of the author only, and are not provided as a response from the Association whose rules your client is violating.

2

**Pls. Exhibit 3**



Community Association Managers

August 10, 2022

TO:      LOT OWNERS AT CUMBERLAND CROSSING SUBDIVISION
FROM:    OMNI COMMUNITY ASSOCIATION MANAGERS (OMNI)
RE:      PROPOSED DEED RESTRICTION AMENDMENT

Dear Cumberland Crossing Homeowner,

As the manager of the Cumberland Crossing Homeowner's Association, we have been asked by the Association's Board of Directors (aka Trustees) to communicate with you regarding Cumberland Crossing' Deed Restrictions and signage standards. Most Cumberland Crossing homeowners are probably aware of recent issues that arose when an owner in the community was asked to remove a flag from his property, because its presence constituted a deed restriction violation. Many people (incorrectly) viewed the request to have the flag removed as a political comment by the Association, in opposition to what the flag 'represents'. In truth, the Board is legally bound to enforce the Deed Restrictions, and the Cumberland Crossing Deed Restrictions contain a prohibition against signs (even signs that take the physical form of a 'flag'). So, when a complaint was received that the display involved was impermissible under the provisions of the Deed Restrictions, the Board had a duty to ask that it be removed.

Following that request, the Board received significant feedback from Owners in Cumberland Crossing, some agreeing with the action taken, others opposed to it. This has led the Board to decide that there is merit to asking the community, as a whole, whether an amendment to Cumberland Crossing's Deed Restrictions is appropriate. Specifically, the Board is asking Owners to vote on a proposed amendment to the Section of the Restrictions that controls signage in the community, and addresses what types of displays can or cannot occur in the subdivision.

Currently, Section 8.7 of the Deed Restrictions provides that

*"no signs of any character shall be erected, posted or displayed upon property in the Community, except: (i) marketing signs installed by Developer while marketing Lots and residences for sale; (ii) street and identification signs installed by the Association, Developer, or any governmental agency; (iii) on the Common Elements, signs regarding and regulating the use of the Common Elements, provided they are approved by the Board; (iv) on any Lot, one temporary real estate sign not to exceed six (6) square feet in area advertising that such Lot is for sale; and (v) except to the extent preempted by federal law, up to three (3) temporary political signs of not more than six (6) square feet each expressing support for, or opposition to an individual candidate or issue which is the subject of a current election, provided the same comply with any local ordinances and any Rules established by the Board. No signs shall be placed in the Common Elements."*

**Pls. Exhibit 4**

Because signs can take many physical forms, the Board relies on the following definition of a "sign", as follows:

"*Sign:  Means any visible medium displayed for the purpose of conveying or communicating a message, including but not limited to billboards, signboards, banners, lights, flags and including any electronic- or light-generated displays.*"

Note, that the use of letters, symbols and words are not necessarily required for a medium to convey or communicate a message, and therefore be construed to be a sign.  Comparably, some media designed for the purpose of being a "decoration" may have words and/or letters on them, but may not be construed as signs since their purpose is decoration, not the conveyance of a message.

Federal and State law already provide that certain flags, even though they technically meet the definition of a 'sign', must be allowed to be displayed (the Flag of the United States, the Flag of the State of Ohio, the POW/MIA flag, and a series of U.S. military flags).  The question this proposed Amendment raises, is whether Cumberland Crossing homeowners want to allow other flags, and/or types of signs, to be permitted.  In drafting the proposed Amendment, the Board was required to be attentive to the fact that HOA rules cannot be discriminatory, which means that permitted signs (including flags) cannot be differentiated based on content. To be allowed to display a sign "in favor of" or "supporting" someone or something, means also allowing a sign directly in opposition to the someone or something in question.  For example, allowing "any flag" would include flags that might be popular to some people but offensive to others, such as the thin blue line flag, blm flags, gay rights flags, the Confederate flag, the Nazi flag, and the flag of any foreign country and/or organization.

The proposed Amendment calls for modifying Section 8.7 (shown above) to provide that a *reasonable number* (not more than 3) of reasonably sized signs (not larger than 6 square feet for signs other than flags, not more than 15 square feet for flags), may be displayed on Owners' Lots. *The Association <u>can</u> regulate things like avoiding clutter (too many signs) and limiting the size of displays of various types – but it <u>cannot</u> regulate content.  Ultimately, the issue is whether Owners want to allow 'desirable' signs (including flags) enough to allow undesirable ones.*

## VOTING

*In order for the Deed Restrictions to be amended*, both the Restrictions themselves and Ohio law requires the affirmative approval of at least seventy-five percent (75%) of all Lot Owners in the Cumberland Crossing community.  There are 272 Lots in Cumberland Crossing.  Because Ohio law provides that the amendment requires the affirmative <u>*approval*</u> of the owners, a non-vote must be counted as a "no" vote, which means at least 204 Owners have to participate in and vote in favor of the proposed Amendment.

Below is a ballot form to be returned to Omni, in c/o cduckett@omnihoa.com, or by mail at P.O. Box 395, Grove City, Ohio 43123, by September 10, 2022.  The Board intends to hold a meeting shortly after the September deadline to allow owners who do not vote by mail/email, to vote on these issues.

**Pls. Exhibit 4**

**BALLOT**

*Please indicate your preference for the proposed AMENDMENT by placing an "X" or checkmark in the appropriate box below. Use the same process to express your support for or opposition against the proposed Architectural Standards changes:*

☐ Yes! I vote to amend the SIGN provisions in the Deed Restrictions in Cumberland Crossing, as described in the letter to which this ballot is attached;

☐ No! I vote to NOT amend the SIGN provisions in the Deed Restrictions in Cumberland Crossing as described in the letter to which this ballot is attached;

*Name: _____

*Address: _____

e-mail address: _____

*Name and Address information is required only for purpose of validating eligibility to participate, preventing multiple votes from the same person/address, and to track which Lot Owners submitted votes. Ballots that do not contain valid name and address information WILL NOT BE COUNTED. E-mail addresses are requested to aid the HOA in future, cost-effective communications with all owners. If you have questions, please contact Omni's Help Desk at 1-877-405-1089.

**Pls. Exhibit 4**

**Archived:** Monday, November 21, 2022 3:34:56 PM
**From:** Thomas DiSario
████████████████████████████
**To:** Cassandra Dougherty
**Subject:** Fw: Cumberland Crossing - Amendment Notice
**Importance:** Normal
**Sensitivity:** None

---

Sent from Yahoo Mail on Android

----- Forwarded Message -----
**From:** "Omni" <Email_Alert@calibersoftware.email>
**To:** "Thomas Disario" ██████████████████
**Sent:** Mon, Oct 3, 2022 at 4:05 PM
**Subject:** Cumberland Crossing - Amendment Notice

Hello Cumberland Crossing Homeowners,
As you are already aware, your Cumberland Crossing Homeowners' Association recently gave all owners in the community the opportunity to vote for (or against) a proposed Amendment to the Cumberland Crossing Deed Restrictions, the purpose of which was to change the subdivision's requirements for displaying flags/signs. The proposed Amendment, if approved, would have made it permissible for property owners in Cumberland Crossing to display flags/signs that are not currently allowed under the terms of the Deed Restrictions as originally written. This communication is being sent to inform you that **the proposed Amendment failed to receive the number of votes necessary for its passage, and as such, the Deed Restrictions are not being amended as was proposed.**

Because of the failure of the proposed Amendment, and because the Association has received complaints from several Owners regarding signs and flags currently being displayed in the subdivision, the Board is asking the Association's management company to proceed with enforcement of the Restrictions as written – meaning Owners need to remove signs and flags from their properties, unless they conform to the requirements of the Deed Restrictions and applicable law. As a reminder, the Deed Restrictions state that the only permissible signs in the community are "*(i) marketing signs installed by Developer while marketing Lots and residences for sale; (ii) street and identification signs installed by the Association, Developer, or any governmental agency; (iii) on the Common Elements, signs regarding and regulating the use of the Common Elements, provided they are approved by the Board; (iv) on any Lot, one temporary real estate sign not to exceed six (6) square feet in area advertising that such Lot is for sale; and (v) except to the extent preempted by federal law, up to three (3) temporary political signs of not more than six (6) square feet each expressing support for, or opposition to an individual candidate or issue which is the subject of a current election, provided the same comply with any local ordinances and any Rules established by the Board.*" As previously communicated as part of the proposed Amendment, and even though they are technically a form of "sign," State and Federal Law protect owners' right to fly the Flag of the United States, the Flag of the State of Ohio, the POW/MIA flag, and the various, unmodified flags of the branches of the United States Military.

**Owners are being asked to remove non-permitted signs and flags from their properties by October 10, 2022**, after which the Association's enforcement procedures may result in the receipt of letters and possible fines for signs and flags that are not removed. As a reminder, the Association and its Board are legally obligated to deal with the enforcement issue when violations are identified. Your cooperation in removing violations (if any) from your property, is appreciated.

**Pls. Exhibit 5**

Omni Community Association Managers, LLC
David A. Dye, President
P.O. Box 395
Grove City, Ohio 43123
1-877-405-1089 (Help Desk)

**Pls. Exhibit 5**

**OMNI**
Community Association Managers

October 14, 2022

Thomas J. and Belinda G. Disario
████████████████████

RE: Deed Restriction Violation – ███████████████ Cumberland Crossing

Dear Homeowner,

As you know, the Cumberland Crossing Association recently gave owners in the community the opportunity to vote on a proposed amendment to the Deed Restrictions that would have allowed various flags and signs in the community, that are not permitted without the amendment. Not enough owners voted in favor of the amendment, so it did not pass, and as a result, everyone was asked to remove disallowed flags/signs by 10/10/2022.

Under the Association's rules, a "Sign" is any visible medium displayed for the purpose of conveying or communicating a message, including but not limited to billboards, signboards, banners, lights, flags and including any electronic- or light-generated displays. Federal and State laws provide that the Flag of the United States, the Flag of the State of Ohio, the Pow/MIA flag, and a series of U.S. Military Flags are allowed to be displayed even though they technically meet the definition of a 'sign'.

During a recent inspection of the community, we observed that a flag/sign is being displayed on your property that is not permitted under the Deed Restrictions. We understand that the flag/sign issue in Cumberland Crossing is potentially contentious, but we hope you understand that without the Amendment, the HOA has to enforce the rules. The Deed Restrictions disallows flags/signs, and given the chance to change that, the community elected not to amend the Restrictions. This letter is being sent as a friendly reminder that this situation exists, and in light of the failure of the amendment, as a request that you remove the flag/sign that is on your property.

We hope and trust that you share in the Association's goal of preserving values in the community, one aspect of which is enforcing the standards contained in the Restrictions and in the Rules. Thank you in advance for what we hope will be your voluntary conformity with the Rules.

Regards,

Omni Community Association Managers, LLC
Manager for Cumberland Crossing Homeowners Association, Inc.

**Pls. Exhibit 6**

*"Proudly providing association management services in Ohio, Indiana and Kentucky"*

JAMES BOPP, JR.
jboppjr@aol.com
—————————————

CASSANDRA R. DOUGHERTY
cdougherty@bopplaw.com

# THE BOPP LAW FIRM, PC

### ATTORNEYS AT LAW

THE NATIONAL BUILDING
1 South Sixth Street
TERRE HAUTE, INDIANA 47807-3510
Telephone 812/232-2434   Facsimile 812/235-3685
www.bopplaw.com

—————————————

October 17, 2022

David A. Dye                                    *Re:*      *Enforcement of Deed Restrictions*
Omni Community Association Managers, LLC
P.O. Box 395
Grove City, OH 43123
T: (877) 405-1089
F: (614) 539-7727
E: ddye@omnihoa.com                        *Sent via email to ddye@omnihoa.com*

Dear Mr. Dye:

    As you know, this office serves as legal counsel for Mr. Thomas DiSario. I am writing on behalf of Mr. DiSario in response to the recent correspondence from Omni Community Association Managers, LLC, dated October 3, 2022, advising that the proposed Amendment to the Deed Restrictions failed and requesting that owners remove non-permitted signs and flags from their properties, and the correspondence dated October 14, 2022, requesting that Mr. DiSario remove the Flag from his property. We believe this instruction to remove the Flag violates Mr. DiSario's First Amendment rights to freedom of expression.

    As you may recall, there is ongoing litigation in the Southern District of Ohio against a homeowners' association for similar infringement of a homeowner's First Amendment rights. *See National Police Association, Inc. et al. v. New Albany Park Condominium Association Board of Directors, et al.*, 2:22-cv-02130-SDM-EPD (S.D. Ohio 2022). We anticipate that the legal questions at issue in Mr. DiSario's instance will be resolved in the New Albany litigation. As such, we request that you refrain from levying any fines or other penalties against Mr. DiSario for his continued flying of the Thin Blue Line Flag until resolution of that case.

**Pls. Exhibit 7**

Mr. David A. Dye
October 17, 2022
Page 2

    Please advise us as to whether you will agree to refrain from levying any fines or other penalties against Mr. DiSario by October 21, 2022. Of course, if you have any other questions or concerns, we are willing to discuss those with you.

        Sincerely,

        THE BOPP LAW FIRM, PC

        James Bopp, Jr.
        Melena S. Siebert
        Cassandra R. Dougherty

**OMNI**
Community Association Managers

October 28, 2022

Thomas J. and Belinda G. Disario

[REDACTED]

RE:     Deed Restriction Violation - [REDACTED] Cumberland Crossing

Dear Homeowner,

Cumberland Crossing is a wonderful place to live and a great place to be a homeowner. Residents in the community enjoy a neighborly environment and the pleasant qualities of their surroundings. To assist in preserving such benefits, Cumberland Crossing is a Deed Restricted community with a homeowners' association, in which periodic inspections are performed to ensure compliance with community standards. The standards are contained in the Deed Restrictions, and in the Rules and Regulations adopted by the Association under the Restrictions, and they apply to all properties in the community.

During a recent inspection, it was observed that **one or more impermissible signs exist on the property**, which violates the Deed Restrictions and/or Rules, and as such, *all signs must be removed from the property, excepting only any sign that is expressly permitted under the terms of the Deed Restrictions, or under a permit granted by the Association.* You can view your account, including any violations, and pictures, by logging into your Caliber Web account at www.omnihoa.com. The first time you visit, you will need to register.

We hope and trust that you share in the Association's goal of preserving conditions and values in the community, one aspect of which is having all properties meet the standards contained in the Restrictions and in the Rules. In fact, the Restrictions (and law) make compliance mandatory, and they give significant enforcement power to the Association. This letter is being sent as a first formal notice that the violation at your property must be removed within 10 days of the date of this letter, or the Association will have no choice but to exercise those powers, including the possible levying of fines and/or commencement of legal action against you. While we prefer to see voluntary compliance, it is important that you understand the serious nature of this matter, and that the Association has a responsibility to proceed with enforcement action if you do not remove the violation in a timely manner.

*If you need additional time to bring this violation into compliance* or you have questions or concerns about the Association, the Restrictions or Rules, or assistance registering your Caliber account, please contact the Omni Help Desk at 1-877-405-1089.

Regards,

Omni Community Association Managers, LLC

*"Proudly providing association management services in Ohio, Indiana and Kentucky"*
P.O. Box 395 • Grove City • Ohio • 43123 • 1-877-405-1089 • 614-539-7727 (fax)

**Pls. Exhibit 8**



November 11, 2022

Thomas J. and Belinda G. Disario

███████████████

RE:   Deed Restriction Violation – ████████████████ Cumberland Crossing

Dear Homeowner,

We recently communicated with you regarding the existence of a Deed Restriction Violation at your property located at ████████████████ in Cumberland Crossing. We informed/reminded you that Cumberland Crossing is a Deed Restricted community with a homeowners' association, in which standards have been established in Deed Restrictions and in the Rules and Regulations adopted by the Association under the Restrictions, that apply to all properties in the community; and we informed you that it was observed that **one or more impermissible signs exist on the property.** As a violation of the community's standards, we advised you that _all signs must be removed from the property, excepting only any sign that is expressly permitted under the terms of the Deed Restrictions, or under a permit granted by the Association._ As of our most recent inspection, the violation had not been removed from your property. You can view your account, including any violations, and pictures, by logging into your Caliber Web account at www.omnihoa.com. The first time you visit, you'll need to click the "Register" link.

The Deed Restrictions (and law) make compliance with the standards mandatory, and they give significant enforcement power to the Association. Because you failed to respond or take action in response to our previous letter, this letter is being sent to advise you that the Association is exercising its enforcement powers against you and your property. If you do not eliminate the violation on your property as described above within 10 days of the date of this letter, the Association intends to impose a Lot Assessment against you in the amount of $175.00. In addition, you will incur a continuing fine in the amount of $5.00 per day for each day after the original fine is assessed that the violation continues to exist. Our next step (after imposing the referenced fine) will be filing suit against you. Fining you and suing you are permitted under the terms of the deed restrictions for your community, and by state law (a formal legal Notice is enclosed with this letter). All costs (including but not limited to filing fees and attorney's fees) incurred by the Association in its efforts to obtain compliance from you will be charged to your account. Instead of having to proceed with these actions, we prefer and are requesting your immediate attention to the removal of the violation.

**If you need additional time to bring this violation into compliance** or you have questions or concerns about the Association, the Restrictions or Rules, or assistance registering your Caliber account, please contact the Omni Help Desk at 1-877-405-1089. THIS IS A SERIOUS ISSUE THAT REQUIRES YOUR IMMEDIATE ATTENTION.

Very Truly Yours,

Omni Community Association Managers, LLC

ENCL:     Notice of Intent to Impose Enforcement/Lot Assessment

Pls. Exhibit 9

## NOTICE OF INTENT TO IMPOSE ENFORCEMENT/LOT ASSESSMENT
November 11, 2022

████████████

You have received a letter advising you that the Association intends to charge an Enforcement Assessment, sometimes also referred to as a 'Lot Assessment' against you and your Lot, based on damages the Association has sustained as a result of actions taken by you, or because of a deed restriction violation that exists on your property. Ohio Revised Code §5312.11 provides that you are entitled to this Notice of the Association's intent to impose such charge or assessment, and the following information:

1. A description of the property damage or violation:

   *one or more impermissible signs exist on the property*

2. The amount of the proposed charge or assessment:

   *$175.00, plus $5.00 per day for each additional day that the violation remains uncured*

3. You have a right to a hearing before the Association's Board to contest the proposed charge or assessment;

4. To request the hearing described in paragraph 3, follow these steps:

   A. Within ten (10) days of the date you receive this Notice, deliver a written notice to the Association's Board by sending the same to our office at P.O. Box 395, Grove City, Ohio 43123, mailed to the attention of "Enforcement Appeals." The notice may also be hand delivered to us at 6898 Harrisburg Pike, Orient, Ohio 43146;

   B. Include in your request for a hearing, the following information:

      Your name (and the name of every owner of the property that is the subject of this Notice), address, and available contact information (including if available, an e-mail address, phone number and fax number), together with a brief and concise statement of the basis on which you are contesting the Association's right to impose the charge/assessment;

   C. Upon receipt of your request for a hearing, the Board will schedule such a hearing, and you will be provided at least seven (7) days' advance notice of the hearing date so that you may attend the meeting and present your basis for contesting the charge/assessment. The Board's decision will be communicated to you in writing, within thirty (30) days following the hearing.

5. To avoid the proposed charge or assessment, you must cure the violation within ten (10) days of the date of this letter.

**Pls. Exhibit 9**